**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| R.W., | : | No. 284 WAL 2023 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| DEPARTMENT OF EDUCATION | : | |
| (PROFESSIONAL STANDARDS AND | : | |
| PRACTICES COMMISSION), | : | |
| | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 25th day of June, 2024, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by Petitioner are:

(1) Whether the Commonwealth Court erred in concluding, contrary to the Educator Discipline Act, that the Department of Education and the Professional Standards and Practices Commission are not required to remove all references to the immediate certificate suspension imposed on educators who are charged with serious crimes from their public web sites, when the charges that required the immediate suspension have been *nolle prossed*, and all criminal records related too those charges have been expunged?

(2) If the Educator Discipline Act does not require complete removal of all reference to the immediate suspension imposed when an educator is charged with a crime after the charges have been resolved in the educator's favor, is the Act an unconstitutional violation of the educator's property, due process, and reputational rights?

The Prothonotary is directed to list this matter for argument simultaneously with *T.G.A. v. Department of Education; Professional Standards and Practices Commission*, 21 WAP 2023.